By the Court.
Where a turnpike company, duly authorized to -construct a turnpike road, and to collect tolls thereon, located its road, with the acquiescence and tacit consent of a canal company -owning a canal, along one side of such canal, from the water’s edge thereof outwardly a distance of fifty feet, and, with the like acquiescence of the canal company, constructed and enjoyed such turnpike road for a series of years; Held—
1. A court of equity will presume the existence of a grant by the -canal company to the turnpike company of an easement, to the ex•tent of the location thus made by the latter, for the purposes of a turnpike road, although such easement involves a common interest in the two companies in the ground constituting the berme bank •of the canal, for the purposes of each respectively.
2. Where such canal company afterward sells out and transfers its canal, and the easement covered thereby, to a railroad company for the purposes of a railroad, the latter takes the same subject to the presumed easement of the turnpike company; and if the railroad company proceed to construct a railroad in part along and ■upon the strip of fifty feet in width covered by the easement of the turnpike company, the latter is entitled to compensation from the former to the extent of the damage accruing to the turnpike company in the diminution of the productive value of its property by reason of the change from a canal to a railroad.
3. The last preceding proposition is, however, subject to this limitation, that, in estimating the diminution of the productive value •418] of the turnpike road, the diminution arising ^merely from competition between the two roads, as means of transportation and travel, is to be excluded.
The other points raised by this motion have been passed upon in *419 the cases of Goodin et al. v. The Cincinnati and Whitewater Canal Company (ante, 169), and Hatch v. Cincinnati and Indiana Railroad Company (ante, 92), decided at the present term.

Motion overruled: